[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The plaintiff, James A. Dees, III and the defendant whose maiden name was Cynthia Diane Alger intermarried at Fort Lauderdale, Florida on December 28, 1982. The husband has been a resident of the State of Connecticut for at least one year prior to the date the action was brought. The parties have one minor child issue of their marriage, namely James A. Dees, IV born September 3, 1987. No other minor children have been born to the wife since the date of the marriage. The parties claim their marriage has broken down irretrievably and the court has found that in fact, the marriage has broken down irretrievably. No state agency is presently responsible or has been in the past, responsible for the support of either of the parties or the minor child. The court finds further that no other action is pending in any other court concerning custody of the minor child. CT Page 5497
The parties stipulated prior to the trial as to custody and visitation which stipulation is dated May 18th and the court made that stipulation an order of the court on May 27th. It is clear to this court after listening to the testimony of the parties, that this marriage has broken down irretrievably. It is also clear to this court that it is appropriate that the parties stipulated that the minor child be with the father.
The husband testified concerning the wife's conduct during the course of the marriage and testified about incidents in the marriage where the wife was drinking, was abusive to him, and caused him concern about the son's safety in a car when she was driving while drinking. These apparently were the three areas that caused him to seek a dissolution of marriage.
It is clear that the wife's conduct is explained because of a mental disorder. Doctor Roosen, a psychiatrist from Westport testified. He indicated that the wife suffers from borderline personality disorder. When she is not under stress, she is alright. But under stress she loses contact with reality, acts irrationally, and acts impulsively. He rated her at an 8 on a scale of 1 to 10 with 10 being the worst as far as severity. His opinion was, that she has to avoid stress. He testified very clearly that she should remove those stressors from her life as best she possibly can. It is clear from his testimony that one of the stressors in her life is alcohol. Although he has not told her to stop drinking nor defined that she is an alcoholic, it is clear to this court after listening to him that alcohol must be removed from her life since it causes her stress. His testimony was that he did not believe she presently could secure long term employment. He described her as being unstable and impulsive. He has seen her nine or ten times with the last visit being March 24, 1993. His goal is to return her to working and making income as she did before. He is presently using psycho-therapy and judicious use of medicine.
Mrs. Dees drinks alcohol but claims she is not an alcoholic. She has a DWI conviction and she has been consuming alcohol for the last two years. Her problems of recent vintage, seem to be alcohol related. She has lived in several locations in Stamford and has been asked to leave on occasion. She does not have a driver's license presently. In April of 1989 she had a voluntary entry into a mental facility. In July of 1990 she entered Gaston Memorial Hospital. It was not a voluntary admission. It was done by her mother who claimed she was a danger to herself and others. CT Page 5498 In January of 1991 she entered Silver Hills Hospital. It was not a voluntary admission.
On approximately last Tuesday, May 25th, she was in a hotel restaurant and was arrested for creating a disturbance. She was held on a $100 bond. The husband went down to bail her out. Back at the hotel she created a disturbance, but was finally given her goods and was placed in a cab to get to the next location. The wife testified, that prior to that incident she was arrested for creating a disturbance in a bar after ordering a drink.
The wife testified that she expects to be employed in three months. The wife does not believe she has a drinking problem and does not believe she has any mental illness, only extreme stress. She believes that once this divorce is over, she will be gainfully employed. In 1985 she earned about $20,000.00. In 1987 she earned about $25,500.00. In 1988 from approximately two jobs she earned about $12,000.00. In 1989 she earned about $14,000.00 from three jobs. In 1990 she earned about $9,500.00 from three jobs. She has not been employed since 1991. Note, that she was fired from all of the places she left.
The court has listened to the witnesses and reviewed all the exhibits in the case. The court has reviewed the parties claims for relief and their financial affidavits and all of the pleadings in the case. In addition, the court has taken into consideration all the criteria set forth in 46b-81, the Assignment of Property and Transfer of Title Statute; 46b-82 the Alimony Statute; 46b-84
the Child Support Statute and 46b-215 the Child Support Guidelines. The court mentions the child support and child support guidelines since the court has taken that into consideration in entering this order since the father will be the sole provider of the support at this time for the minor child. In addition, the court has taken into consideration the Attorney's Fees Statute, 46b-62. The court orders as follows:
1. The marriage is dissolved on the ground of irretrievable breakdown.
2. The court finds that the wife should be able to have an apartment for herself of reasonable accommodations in a cost area of somewhere between $800 and $1,000 per month. The court has taken into consideration what she has been living on and the debts that she has incurred. CT Page 5499
A. The court orders the husband to pay to the wife the annual sum of $22,200.00 payable at $427.00 per week payable every Friday commencing on the first Friday following this decision for two years from the date of this decision.
B. The alimony shall reduce at the end of two years from the date of this decision to $346.15 per week which is $18,000 per year. That amount shall be payable for years 3 and 4.
C. That amount shall reduce in year 5 and 6 to an annual amount of $12,000.00 per year, payable weekly at $230.77.
D. Said alimony shall be payable to the wife as long as she is alive and the husband is alive, the wife is unmarried, the wife has not cohabitated under our statute or six years from the date of this decision, whichever comes first.
E. The court in entering into this time limited alimony award, finds that it is the sound policy of time limited alimony awards to provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to obtain self-sufficiency. Another reason for time limited alimony is rehabilitative purposes which are carried out by this order. Another reason for time limited alimony is some future event that renders such support less necessary or unnecessary. The court finds that the wife has testified that she really needs three months before she can become employed. This court has taken that into consideration and given her more than three months of alimony considering all the other factors.
3. The court orders the husband to pay for the wife's medical insurance under COBRA for three years. The court has been advised that the current amount of the COBRA premium is approximately $150.00 per month. He may make that payment directly to the insurance company in lieu of paying it to her. This is additional alimony to the wife.
4. The husband shall continue the minor child on his medical insurance until the child reaches the age of eighteen years.
5. The husband shall carry for the benefit of the wife, the sum of $75,000.00 of life insurance on his life to be payable to her as long as he is paying alimony. The husband shall carry for the benefit of the minor child, life insurance on his life payable to him on the husband's death in the sum of $75,000.00. CT Page 5500
6. The court finds that it is appropriate to order no attorney's fees to be paid to the wife's attorney since he has already contributed $5,000.00 towards those fees and he does not have sufficient assets to make that payment.
7. It is clear to this court that at some point the wife must stop walking the streets, for her own benefit. When she obtains a valid driver's license, the husband is ordered to pay her $3,000.00 in order to allow her to either purchase a car for that amount, or use it as a contribution towards the acquisition of a car.
9. All other claims for relief of the parties not expressly addressed herein have been denied.
KARAZIN, J.